UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Gerald Norman<br>*Plaintiff*<br><br>v.<br><br>GLA Collection Co., Inc.<br>*Defendant*<br>Serve:<br>    Michael L. Lynch<br>    2630 Gleeson Lane<br>    Louisville, KY 40299 | )<br>)<br>)<br>)<br>)   Case No. 3:17-CV-387-JHM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

### PARTIES

3. Plaintiff Gerald Norman is a natural person who resides in Jefferson County, Ky. Mr. Norman is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant GLA Collection Co., Inc. ("GLA") is a third-party debt collector, whose principal office is located at 2630 Gleeson Lane, Louisville, KY 40299.

5. GLA's principal purpose is the collection of debts. GLA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. Like many of his fellow Americans, Mr. Norman is keenly aware of the importance of his credit score.

7. As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

8. In an effort to improve his credit score and rating, Mr. Norman reviewed his consumer credit reports and discovered negative credit information furnished by GLA in connection with two medical debts: one in the amount of $69 and the other in the amount of $53.

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

9. GLA furnished negative information concerning Mr. Norman to one or more consumer reporting agencies ("CRA's") in connection with the medical debts to one or more consumer reporting agencies in an attempt to collect a debt from him within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

10. Mr. Norman incurred the two GLA medical debts for personal or family purposes, which makes each of the two GLA medical debts a "debt" within the meaning of the FDCPA.

11. Mr. Norman contacted GLA for purposes of paying off two GLA medical debts and to delete them from his consumer credit reports.

12. Mr. Norman spoke with a GLA employer or representative who called himself Joseph.

13. Joseph told Mr. Norman that GLA had another debt owed by Mr. Norman that had been referred to GLA for collection.

14. Joseph told Mr. Norman this was a medical debt for surgical care that had been referred to GLA in 2011 and that principal amount due on the debt was $406.

15. Upon information and belief, the 2011 surgical care debt was incurred for personal, family, or household purposes, which makes the 2011 surgical care debt a "debt" within the meaning of the FDCPA.

16. Upon information and belief, the 2011 surgical care debt is a debt based on a contract not in writing under Kentucky law and, therefore, subject to a five-year statute of limitations.

17. Joseph told Mr. Norman that he had to pay all three debts and could not pick and choose which debts he wanted to pay, *i.e.* GLA attempted to force Mr. Norman to pay off a debt that he disputed, did not recognize, and was past the applicable statute of limitations in order to allow him to pay off the two GLA medical debts appearing on his consumer credit reports.

18. Joseph did not inform Mr. Norman that legal recovery on the 2011 surgical care debt was barred by Kentucky's five-year statute of limitations.

19. Joseph gave Mr. Norman a total payment amount of $616.99.

20.     Upon information and belief, the $619.99 price quote from Joseph included interest and/or collection fees that GLA had no legal right to recover from Mr. Norman.

21.     GLA violated the FDCPA by **(1)** denying Mr. Norman his right to direct to which debt he could pay; **(2)** attempting to collect a debt from Mr. Norman past the applicable statute of limitations without informing Mr. Norman of the statutory bar; and **(3)** attempting to collect interest and/or fees from Mr. Norman that he had no legal right to collect.

## CLAIMS FOR RELIEF

22.     The foregoing acts and omissions by GLA Collection Co., Inc. constitute violations of the FDCPA including but not limited to violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and 15 U.S.C. § 1692h.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gerald Norman requests that the Court grant him the following relief:

1.  Award Plaintiff actual damages;

2.  Award Plaintiff maximum statutory damages against Defendant;

3.  Award Plaintiff reasonable attorney's fees and costs;

4.  A trial by jury; and and

5.  Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite #4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com